IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:11-CR-227-BO-1

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JEFFREY TATE DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of a detective with the Raleigh Police Department on a task force of the Federal Bureau of Alcohol, Tobacco, Firearms and Explosives. Defendant presented the testimony of a proposed third-party custodian, the woman who reared him (*i.e.*, an aunt who took on the role of his mother). The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by a preponderance of the evidence that there is no condition or combination of conditions that will reasonably assure the appearance of defendant as required and by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial. The government's motion is therefore GRANTED.

## Background

Defendant was indicted on 13 January 2011 for the offense of possession of a firearm (*i.e.*, a .38 caliber revolver) on or about 15 April 2011 in violation of 18 U.S.C. §§ 922(g)(1) and 924. The testimony of the government's witness at the hearing showed that the charges relate to the

search of defendant's residence on the alleged offense date, pursuant to a state warrant based on suspicion that defendant was engaged in drug trafficking from the residence. The search located the subject revolver in the bedroom defendant identified as his. The bedroom also contained $2,300.00 in cash and baggies of the type used in the drug trade. In the kitchen, police found marijuana, more baggies, digital scales, and a glass containing cocaine residue. At the time, defendant had been convicted of multiple felonies. The revolver had been manufactured outside of North Carolina.

In a post-arrest statement to police, made after waiver of his *Miranda* rights, defendant admitted that he owned the revolver. He also admitted to selling dime bags of marijuana out of his residence and allowing another man to cook cocaine in the kitchen, for which defendant received marijuana.

**Discussion**

The law requires that defendant be detained pending trial based on the following principal findings and reasons: evidence showing that the government has a strong case, including the evidence reviewed above; the gun-related nature of the offense charged; the circumstances of the offenses charged, including its association with apparent drug trafficking and the potential prison term defendant faces if convicted; defendant's criminal record, including 10 felony convictions, his prior conviction in this court for possession of a firearm by a felon, his commission of a drug felony to which he pled guilty while on supervised release for the prior conviction in this court, the revocation of such supervised release, and a probation revocation; the unsuitability of the proposed third-party custodial arrangement due to the high risk of flight and danger posed by defendant and the proposed custodian's impending absence from the home during the mornings for school; and, as indicated, the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, but finds that the factors favoring detention outweigh such evidence. For example, although defendant has a significant work history, his employment has not prevented him from engaging in criminal conduct. Also, his apparent compliance with the terms of release on the state charges arising from the offense conduct at issue does not offset his disregard for the law and court orders, including specifically orders of this court, as demonstrated by his commission of a drug felony while on supervised release for his prior felon-in-possession conviction in this court and the other evidence of record.

## Conclusion

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 16th day of August 2011.

James E. Gates
United States Magistrate Judge