IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:11-CR-227-BO
NO. 5:14-CV-331-BO

| | |
|---|---|
| JEFFREY TATE DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 58] and the government's motion to dismiss [DE 62]. For the reasons stated herein, respondent's motion is GRANTED and petitioner's § 2255 motion is DISMISSED.

## BACKGROUND

On October 25, 2011, petitioner pled guilty without a written plea agreement to being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924. [DE 18]. On May 22, 2012, the Court sentenced petitioner to 87 months' imprisonment and 3 years' supervised release. [DE 41, 42]. Petitioner challenged his conviction and sentence on appeal [DE 39] and argued that the Court erred in denying petitioner's motion to withdraw his guilty plea and that the Court imposed an unreasonable sentence. *United States v. Davis*, 497 F. App'x 285 (4th Cir. 2012) (unpublished). As part of his appeal, petitioner argued that, as a result of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), he no longer had a predicate conviction to sustain his current felon in possession conviction. The Fourth Circuit rejected

petitioner's arguments and affirmed the judgment of the Court. *Davis*, 497 F. App'x at 286–87. The Fourth Circuit's opinion was issued on November 14, 2012. [DE 49].

Petitioner filed a motion alleging improper enhancement of his sentence on or about December 20, 2013. [DE 52]. After the government responded in opposition, the Court stated its intent to construe petitioner's motion as a § 2255 motion on April 25, 2014. [DE 56]. Petitioner filed a motion to vacate under s§ 2255 on or about June 9, 2014. [DE 58]. Petitioner appears to argue that he received ineffective assistance of counsel based on counsel's inability to get his 2002 federal conviction for felon in possession of a firearm vacated or dismissed. [DE 58 at 4–5]. Petitioner also appears to argue that his conviction is invalid in light of the *Simmons* decision. The government filed a motion to dismiss on July 9, 2014. [DE 62].

## **DISCUSSION**

"To survive a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), [petitioner's] '[f]actual allegations must be enough to raise a right to relief above the speculative level,' thereby 'nudg[ing] their claims across the line from conceivable to plausible.'" *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombley*, 550 U.S. 544, 555 (2007)). Additionally, "vague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court." *United States v. Dyess*, 70 F.3d 354, 359 (4th Cir. 2013) (quotation omitted).

Petitioner's ineffective assistance of counsel claim fails because he has not satisfied the two-pronged requirements of *Strickland v. Washington*, 466 U.S. 668, 687 (1984). First, a petitioner must show that the representation he received fell below an objective standard of reasonableness. *Id.* at 688. This Court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Id.* at 689. Therefore,

the Court must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* The second prong is met where there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

In essence, petitioner argues that his counsel failed him in that she was not able to have his 2002 conviction for felon in possession overturned quickly enough to save him from the charge for felon in possession in this case. However, petitioner's counsel did argue to the Fourth Circuit that, as a result of *Simmons*, he did not have the necessary predicate conviction for a felon in possession offense. *See United States v. Davis*, 497 F. App'x at 286. The Fourth Circuit, however, rejected that argument. *Id.* The Fourth Circuit explained that "any subsequently-realized invalidity of a predicate felony conviction is immaterial to a § 922(g)(1) prosecution, as long as the prior conviction was in effect on the date that the defendant possessed the firearm. *Id.* (summarizing *United States v. Kahoe*, 134 F.3d 1230 (4th Cir. 1998)).

Here, at the time of his conviction, and at the time of his possession of the firearm, petitioner had two prior convictions in effect each of which carried terms of imprisonment exceeding one year: the 2002 federal felon in possession conviction; and a 2010 North Carolina conviction for possession with intent to sell and deliver cocaine. The fact that the 2002 conviction was later vacated is inconsequential because the defendant knew, as a result of his prior convictions which were in effect at the time he possessed the firearm, that he was not permitted to possess a firearm. *Id.* Accordingly, the ability of his counsel to have the 2002 conviction overturned earlier is irrelevant here and cannot be considered unreasonable representation. Further, *Simmons* cannot save petitioner as he was validly convicted of felon in possession and did not receive any criminal history points for any *Simmons*-affected convictions.

3
Case 5:11-cr-00227-BO   Document 66   Filed 09/17/14   Page 3 of 4

[DE 25 at 5, ¶8]. Therefore, the Court dismisses petitioner's § 2255 motion for failure to state a claim under 12(b)(6).

## CERTIFICATE OF APPEALABLITY

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined that petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition. After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the petitioner's claims are not deserving of encouragement to proceed further. This Court hereby DENIES petitioner a certificate of appealability.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss is GRANTED and petitioner's §2255 petition is DISMISSED in its entirety. The Court hereby DENIES petitioner a certificate of appealability.

SO ORDERED.

This the 16 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE